Damian L. Albergo, Esq. (DLA 8712)
Albergo Law Group, LLC
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
(201) 354-4999

Joshua M. Lurie, Esq. (JL 0788)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
(201) 518-9999
Attorneys for Plaintiff (and those similarly situated)

| | |
|---|---|
| ROLANDO LINDO (on behalf of himself and others similarly situated),<br><br>Plaintiff,<br><br>v.<br><br>AVR REALTY COMPANY, LLC (a New York Limited Liability Company); AVR-HH, LLC (a New York Limited Liability Company); ALLAN V. ROSE (individually); JOHN DOES 1-50 (principals, owners, managers, employees, representatives and/or agents, partners, officers, directors, and/or holders of controlling interests in either AVR Realty Company, LLC or AVR-HH, LLC); and BUSINESS ENTITIES A-J (corporations or other business entities that are principals, owners or holders of controlling interests of in either AVR Realty Company, LLC or AVR-HH, LLC),<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK<br><br>CIVIL CASE NO.<br><br>COMPLAINT and JURY DEMAND |

Plaintiff, Rolando Lindo ("Plaintiff" or "Rolando"), on behalf of himself and those similarly situated, and by way of Complaint against the Defendants, says:

## NATURE OF THE ACTION

1.      This is a matter related to a scheme perpetuated by Defendant Allan V. Rose, a wealthy real estate investor, to avoid paying overtime and all wages due and owing to his

household employees by falsely claiming that they are exempt employees and then attempting to hide that they are household, domestic employees by funneling their wages through his real estate company or in other ways to avoid paying overtime.

2. This matter evidences a willful scheme on behalf of the individual and business defendants to refuse to pay these employees all wages earned in violation of State and Federal Law.

3. Therefore, as to the collective action and class action claims, Plaintiff seeks to right the wrongs by this employer in his failure to pay all wages earned, when earned, and which remain unpaid to this day.

**PARTIES**

4. Plaintiff Rolando Lindo is an individual and former employee of Defendants and resides in the Bronx, New York.

5. Defendant AVR Realty Company, LLC ("AVR") is, upon information and belief, a New York Limited Liability Company with its principal address being located at 1 Executive Boulevard, Yonkers, New York.

6. Defendant AVR-HH, LLC ("HH") is, upon information and belief, a New York Limited Liability Company with its principal address being located at 1 Executive Boulevard, Yonkers, New York.

7. Defendant Allan V. Rose ("Rose") is a natural person, the principal, owner and "Chief Executive Officer" of both AVR and HH, and resides at 415 East 54th Street, New York, New York.

8. The John Doe and Business Entity Defendants are fictitious entities, named herein as they are currently unknown (if they exist at all) and are other people or entities that may be

liable to Plaintiff for the injuries set forth in this Complaint and to which an amended complaint may be necessary.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA). As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTS

11. Defendant AVR is a national real estate development and leasing company with its principal offices being located in Yonkers, Westchester County, New York.

12. Defendant AVR is an enterprise engaged in commerce as set forth under the FLSA and, upon information and belief, has annual gross revenues in excess of $500,000.00.

13. Defendant HH is, upon information and belief, a shell corporation and/or subsidiary and/or alter-ego of either AVR and/or Rose and created for the purpose of paying domestic workers of Rose at his multiple residences in New York and across the country.

14. Neither AVR nor HH are in the business of commercial transportation, taxi/livery service, or any other transportation service.

15. At all times relevant herein, Plaintiff was nominally employed by AVR as a chauffeur for Rose, directly, with his principal duties to drive Rose and his family around the greater New York City area including, but not limited to, between Rose's residence in Manhattan,

his office in Yonkers, his house in the Hamptons, and to restaurants, shows, meetings, conferences, the airport or anywhere else that Rose or his family members desired.

16. Lindo's first day of employment was December 5, 2015.

17. Lindo was paid a salary of $60,000.00 per annum and advised that he was an exempt employee of AVR. Indeed, his salary was paid through AVR's payroll service.

18. Plaintiff was paid bi-weekly by way of payroll.

19. Lindo's work days began around 7:00AM when he was to drive to the garage where Rose kept his limousine in order to have it ready to pick Rose up at approximately 8:00AM.

20. From there, on a typical day, Lindo would drive Rose to his principal office in Yonkers. After dropping Rose off at his office, Lindo would be required to drive around and perform errands for Rose or his family until lunch time when he would either pick Rose up to bring him to lunch or bring Rose lunch at his office.

21. The afternoons were similar to the mornings. Lindo was on call, sometimes waited around and sometimes drove errands for Rose or his family. However, he was not able to take a break, go home or be "off the clock." Rather, he needed to be prepared, at a moment's notice, to either drive Rose or perform other tasks for Rose or his family.

22. At the end of Rose's work day, typically between 5:30PM and 6:00PM, Lindo would then drive Rose to his Manhattan residence arriving around 6:30 to 7:00PM.

23. Frequently, upon arriving in front of Rose's building, he would be ordered to wait while Rose went upstairs, changed, and then returned (either alone or with his family) to be driven to dinner.

24. Frequently, after dinner, Rose, and sometimes with his family, would attend events or other forms of entertainment and Lindo would have to drive Rose to such event(s) and wait until they were over. Frequently, this would result in Lindo dropping Rose back at home after midnight.

25. After the final drop-off of Rose, whether it was approximately 7:00PM or 1:00AM, Lindo would then drive back to the garage to return the limousine and then drive home. Frequently, as a result, Lindo's work day would end after 1:00AM, return home around 1:45AM, and then have to leave to start the next work day as early as 6:00AM, leaving him with three to four hours of rest.

26. Lindo kept contemporaneous time records for most of his work days and weeks.

27. Lindo complained to HR at AVR about the unreasonable hours and lack of proper pay to no avail.

28. During a normal work week, Lindo worked greater than 70 hours but was paid his base salary no matter how many hours he worked.

29. Based upon his "salary" and the days worked, Lindo was being paid $30.00/hour without overtime.

30. Consistent with state and federal law, his overtime rate – which was unpaid – was $45.00/hour for each hour greater than 40 in a work week.

31. In addition, for each day that Lindo worked in excess of 10 hours, he was due spread pay pursuant to NYCRR § 142-2, *et seq*. He failed to receive this additional hour's pay notwithstanding that his normal work day exceed 12 hours and could be as long as 18 hours or more depending on Rose's schedule.

**FLSA, NYLL and Class/Collective Claims**

32. As set forth above, Defendant Rose is extremely wealthy and, as expected, is able to afford a certain lifestyle that permits for the reliance upon various domestic staff such as chauffeurs, butlers, maids, private chefs, and other workers.

33. However, rather than acknowledge that these domestic workers are non-exempt employees that must be paid consistent with State and Federal Law, Rose has willfully and intentionally created a fraudulent scheme to defraud his domestic employees from the full wages that they are due and owing by making them "salaried" and "exempt" employees and paying them a flat wage and doing so through his companies – either AVR or HH.

**Class Action Claims**

34. Plaintiff incorporates the facts set forth above herein by reference and as if stated in full.

35. Lindo brings his related state law claims pursuant to *Fed. R. Civ. P.* 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

36. All said persons, including Lindo, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, the rate of pay and frequency thereof for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under *Fed. R. Civ. P.* 23.

37. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than fifteen (15) members of the class.

38. Lindo's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

39. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay their appropriate wages as non-exempt employees, including the payment of overtime wages.

40. Defendants' corporation wide policies and practices, including but not limited to their failure to pay all wages due as earned consistent with state and federal law, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

41. Lindo and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

42. Lindo is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

43. Lindo is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where

individual Class members lack the financial resources to vigorously prosecute corporate defendants.

45. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

46. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

47. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

49. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. At this juncture, the Proposed Class is initially defined as:

> All non-exempt domestic or household employees of Defendant Rose who, in the preceding six (6) years, were not paid all wages

due and owing, by improperly misclassifying such employees as exempt notwithstanding that they are legally non-exempt employees and had their wages funneled through the commercial defendants and who worked in excess of ten (10) hours in any given work day but were not paid for an extra hour of pay as required under New York law.

51. Excluded from the Class are all employees who:

   a. Are exempt employees;

   b. Were paid spread wages as required by the NYLL and appurtenant regulations;

   *and*

   c. Were paid all wages due and owing in the time proscribed pursuant to the FLSA and/or NYLL.

52. Plaintiff does not anticipate any difficulty in the management of this litigation

## Collective Action Claims

53. Plaintiff incorporates the facts set forth above herein by reference and as if stated in full.

54. Plaintiffs seek to bring this suit to recover from Defendants unpaid compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. §§ 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-exempt domestic or household employees, including, but not limited to, chauffeurs, maids, butlers, assistants, personal chefs, or other household or domestic staff of Defendant Rose who, in the preceding three (3) years, were not paid all wages due and owing, by improperly misclassifying such employees as exempt notwithstanding that they are legally non-exempt employees and had their wages funneled through the commercial defendants ("FLSA Plaintiffs").

55. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that they: (a) were actually personal/household/domestic employees of Rose; (b) were required to report to Rose,

work in his home(s), or perform services that solely benefited Rose or his family; (c) were non-exempt employees as a matter of law; (d) had their pay funneled either through AVR or HH; and (e) were not paid overtime as required pursuant to the FLSA for all time worked in excess of 40 hours in a work week.

56. Upon information and belief, due to the required hours worked, and the "salary" paid, there are collective class members who were not paid minimum wages for the hours worked.

### FIRST CAUSE OF ACTION
**(Violations of the Fair Labor Standards Act)**

57. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

58. Defendants violated the FLSA by failing to compensate Plaintiff, and those similarly situated, for all hours worked, each work week, as earned in violation of 29 U.S.C. §§ 201, *et seq.*

59. As set forth herein, those members of the collective class are the household and domestic workers for Rose who were paid through other entities as a salary and not hourly, attempting, incorrectly and wrongfully, to identify the collective class members as non-exempt employees.

60. Defendants' conduct and payroll practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. As a result of the conduct of these Defendants, Plaintiff, and those similarly situated, including members of the class and collective action members have been harmed and damaged and are entitled to compensatory and liquidated damages, costs and attorneys' fees for all amounts unpaid along with injunctive relief barring any future conduct violative of the FLSA.

## SECOND CAUSE OF ACTION
**(Violations of the New York Labor Law)**

62. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

63. Defendants violated the NYLL §§ 190, *et seq.* by failing to compensate Plaintiff and those similarly situated for all hours worked, each work week, on its regularly designated payment date.

64. Defendants' conduct and payroll practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

65. As a result of the conduct of these defendants, Plaintiff, and those similarly situated, including members of the class and collective action members have been harmed and damaged and are entitled to compensatory and liquidated damages, costs and attorneys' fees for all amounts unpaid along with injunctive relief barring any future conduct violative of the NYLL.

## SECOND CAUSE OF ACTION
**(Violations of New York Spread Law)**

66. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

67. Plaintiff, and those similarly situated, are non-exempt employees who must be paid overtime as further defined in 12 NYCRR § 142-2.14.

68. Plaintiff, and those similarly situated, frequently and regularly worked in excess of 10 hours in a work day, notwithstanding breaks, spread of hours, or split shifts.

69. Plaintiff, and those similarly situated, who worked such days as set forth in Paragraph 68 above, were not paid an additional hour of pay at their normal hourly rate – or what

11

should have been their normal hourly rate had such individual be misclassified as non-exempt as identified herein – as required under 12 NYCRR §§ 142, *et seq*.

70. As a result of this conduct, Plaintiff, and those similarly situated, are entitled to judgment in their favor for an extra hour's pay per day where the total time that such employee was subject to work – notwithstanding breaks or split hours along with injunctive relief barring future conduct violative of the spread hour laws along with an award of reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, respectfully requests that the Court enter judgment in his favor, and on behalf of the class, and against the Defendant, as follows:

A. Compensatory damages;

B. Double damages pursuant to 29 U.S.C. § 216 for Plaintiff as well as all class or collective action members for unpaid wages as liquidated damages along with counsel fees and costs;

C. Double damages pursuant to NYLL § 198 for Plaintiff as well as all class or collective action members for unpaid wages as liquidated damages along with counsel fees and costs;

D. An additional hour of pay for each date that Plaintiff or any class or collective action member worked whereby the amount of hours in that given work days exceeded ten hours notwithstanding spread of hours or split hours;

E. Injunctive relief barring the continued violations of both the FLSA and NYLL;

F. Prejudgment and post-judgment interest;

G. Counsel fees and costs of suit; and

H. Any such other relief as the Court deems just and reasonable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented herein.

Dated: June 11, 2019
Hackensack, New Jersey

Respectfully submitted,

__/s/ Damian L. Albergo__

Damian L. Albergo, Esq. (DLA 8712)
Albergo Law Group, LLC
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. (201) 354-4999
damian.albergo@albergolaw.com

__/s/ Joshua M. Lurie__

Joshua M. Lurie, Esq. (JL0788)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. (201) 518-9999
jmlurie@luriestrupinsky.com