SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of the ___ day of May, 2020 by and between Rolando Lindo ("Lindo") on the one hand, and AVR Realty Company, LLC ("AVR Realty"); AVR-HH, LLC ("AVR-HH"); and Allan V. Rose ("Mr. Rose") (collectively "Defendants") on the other hand. Lindo and AVR are collectively referred to herein as the "Parties."

WHEREAS, Lindo was employed by AVR Realty from December 2015 until he resigned in March 2019.

WHEREAS, Lindo, via counsel, sent a letter (the "Demand Letter") to AVR Realty dated May 9, 2019, claiming, *inter alia*, that during his employment with AVR Realty, he was not paid overtime, and was not provided a proper wage rate notice or proper pay stubs;

WHEREAS, on June 14, 2019, Lindo commenced an action, on behalf of himself and a putative class and/or collective, in the United States District Court for the Southern District of New York, captioned Lindo v. AVR Realty, LLC et. al, 19-cv-5511 (the "Court Action"), against AVR Realty, AVR-HH, and Mr. Rose asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

WHEREAS, Defendants denied and continue to deny all allegations of wrongdoing against them;

WHEREAS, it is understood by the Parties that this Agreement is solely and exclusively for the purpose of the settlement and compromise of disputed claims and that the execution of this Agreement is not to be construed as or considered to be an admission of any liability, fault, or wrongdoing of or by Defendants or any of their officers, principals, or employees or any other Released Parties as defined herein; and, it being further understood and agreed that all such Parties have denied and continue to deny any such liability, fault, or wrongdoing as to Lindo's claims against them;

WHEREAS, in the interest of efficiently resolving the dispute, and in order to avoid the costs, inconvenience and uncertainty inherent in any potential litigation, the Parties wish to fully and finally resolve and settle any and all disputes and claims between them;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and promises set forth below, and other good and valuable consideration,

the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereby agree as follows:

1. Payment. Defendants agree to pay Lindo the total sum of One Hundred and Sixty-Two Thousand and Five Hundred Dollars ($162,500.00) (the "Settlement Sum"), less applicable taxes and deductions, to resolve the Court Action, subject to judicial approval of this Agreement. The Settlement Sum shall be provided by check made payable to Albergo Law Group Client Trust Account as counsel for Rolando Lindo within ten (10) calendar days of judicial approval of this Agreement (the "Effective Date") and delivered to Damian Albergo as counsel for Rolando Lindo, Albergo Law Group, LLC, 15 Warren Street, Suite 36, Hackensack, New Jersey 07601.

2. Taxes. Lindo and his counsel shall be responsible for any tax consequences incurred by either Lindo or counsel that may be associated with the Settlement Sum. Additionally, Lindo shall indemnify Defendants and hold each and all of them harmless with respect to any tax payments incurred by or assessed against either, each, or both as a result of payment of Settlement Sum, whether arising under federal, state, or local laws.

3. Approval of Settlement and Dismissal of Action. Lindo agrees that, through his counsel, he will take all necessary steps to dismiss the Court Action. Lindo, through counsel, will submit this Agreement to the Court for approval by June 5, 2020. Within three (3) business days of the Court's approval of this Agreement, the parties agree that Lindo's counsel shall file with the Court a Stipulation of Dismissal signed by the Parties.

4. Lindo's Release of Claims. In return for the consideration set forth in Paragraph I above, Plaintiff, his administrators, attorneys, representatives, successors and assigns hereby voluntarily, irrevocably and unconditionally releases and forever discharges Defendants from all wage and hour claims against Defendants and their family members, heirs, executors, administrators, attorneys, representatives, successors and assigns, predecessors, subsidiaries, divisions, affiliates, branches, insurers, insurance carriers and their respective present, future and former officers, trustees, agents, insurers, representatives, fiduciaries, directors, owners, supervisors, managers, and employees (the "Covered Group") under the Fair Labor Standards Act, the New York Labor Law or the common law of New York or any other state or jurisdiction, which Plaintiffs asserted or could have asserted in this Action, including, but not limited to, any claims in any way related to (1) Plaintiffs' employment or the termination of that employment, claims for compensation, bonuses, commissions, lost wages, or unused accrued vacation or sick pay; (2) the design or administration of any employee benefit program; (3) any rights Plaintiffs may have to severance or similar benefits or to post-employment health or group insurance benefits; or (4) any Claims

to attorneys' fees or other indemnities. Any claims or causes of action not specifically set forth in the recitals herein, or not logically the natural result thereof, are not subject to the within release.

Plaintiff warrants to Defendants that, other than the claims asserted in this Action, he has no other claims or potential claims against Defendants.

Should Plaintiff institute any claim specifically released herein, or join any class or collective action wherein the claims are specifically released herein, then Plaintiff agrees to withdraw and dismiss such claims on written notice to Plaintiff, his counsel or any other attorney who brings such action or class or collective action. If Plaintiff fails to withdraw such claims upon written notice, then Defendants may move to dismiss the claims under the doctrine of release and this agreement may be used as evidence of such release. In the event of a contested action with respect to any dismissal, if Defendants are successful in obtaining such relief, then they shall be entitled to have their reasonable legal fees and costs related to seeking such dismissal paid by Plaintiff and Plaintiff agrees to be liable for same.

5. Ownership of Released Matters. Lindo hereby warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all claims released pursuant to Paragraph 4 above, and that he has not heretofore assigned or transferred, or purported to assign or transfer, any of such released claims, in whole or in part, to any other person or entity.

6. Acknowledgments and Affirmations. Lindo affirms that he has neither filed nor caused to be filed, and is not presently a party to, any claim against any of the Released Parties, except for the Court Action. Lindo also affirms that the Settlement Sum represents payment of all salary, compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled.

7. Nondisparagement.

Lindo at all times hereafter, agrees that neither he, nor any of his heirs, assigns, affiliates, subsidiaries, employees, officers, members, or directors ("Covered Group") will directly or indirectly, in any capacity or manner, make, express, transmit, speak, write, verbalize or otherwise communicate in any way (or cause, further, assist, solicit, encourage, support or participate in any of the foregoing), any remark, comment, message, information, declaration, communication or other statement of any kind that might reasonably be construed to be derogatory or critical of, negative toward, or harmful to any other party or their Covered Group, whether true, false, or mere opinion, or to act in any way to malign, harm, disparage, defame or damage the reputation or good name of any Settling Party, their businesses or any of their Covered Group concerning the events and circumstances giving rise to the events

set forth herein, the investigation of those events and circumstances by any party to this Agreement and Mutual Release and this Agreement and Mutual Release itself.

AVR Realty Company LLC will direct any of its managerial employees who oversaw the Court Action, at all times hereafter, together with their heirs, assigns, affiliates, subsidiaries, employees, officers, members, or directors ("Covered Group"), not to directly or indirectly, in any capacity or manner, make, express, transmit, speak, write, verbalize or otherwise communicate in any way (or cause, further, assist, solicit, encourage, support or participate in any of the foregoing), any remark, comment, message, information, declaration, communication or other statement of any kind that might reasonably be construed to be derogatory or critical of, negative toward, or harmful to Lindo or his Covered Group, whether true, false, or mere opinion, or to act in any way to malign, harm, disparage, defame or damage the reputation or good name of Lindo or his Covered Group concerning the events and circumstances giving rise to the events set forth herein, the investigation of those events and circumstances by any party to this Agreement and Mutual Release and this Agreement and Mutual Release itself.

8. No Oral Modifications. The provisions of this Agreement may be modified only by written agreement of all Parties. The terms or provisions of this Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties. This Agreement may not be assigned by Lindo.

9. Counterparts. This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, and all such counterparts shall comprise but one Agreement. Further, this Agreement may be executed by facsimile or PDF. Execution by facsimile or PDF shall be deemed to be execution in the original in accordance with New York law.

10. Binding Effect. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors and heirs.

11. Further Assurances. The Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

12. Entire Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the settlement of the Court Action are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the settlement of the Court Action. All prior and contemporaneous conversations, negotiations, possible

and alleged agreements, representations, covenants and warranties concerning the settlement of the Court Action are merged herein. This Agreement may not be terminated or modified except by a writing signed by all Parties. The Parties agree that this Settlement Agreement contain the Parties' full and complete agreement with respect to the settlement of the Court Action.

13. Joint Authorship. This Agreement is the result of negotiations between the Parties. There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

14. Attorneys' Fees and Costs. Each party shall bear its or his/her/its own attorneys' fees and costs incurred through the execution of this Agreement.

15. Headings. The paragraph headings herein are for convenience only, and shall not affect the interpretation or construction of this Agreement.

16. Governing Law. This Agreement shall be construed under and governed by the laws of the State of New York, notwithstanding any choice of law provision or principle to the contrary.

17. Advice of Counsel. Each person executing this Agreement represents that he/she/it has consulted with an attorney prior to signing this Agreement. Lindo represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon his independent judgment after consulting with counsel. In making this determination, Lindo has had an adequate opportunity to discuss and assess the merits of all his claims and potential claims with his counsel.

18. Disputes. Any disputes arising out of or related to this Settlement Agreement and Release, whether related to construction or performance, shall be subject to the exclusive jurisdiction of the courts of competent jurisdiction located in New York, New York to the exclusion of all other jurisdictions. Nothing herein shall be construed as to be an admission or consent to jurisdiction, either personal or subject matter, over any party to this Agreement and each party shall reserve the right, in any dispute, to argue lack of jurisdiction.

19. Signatures. The Parties hereby signify their agreement to the above terms by their signatures below. The officers/representatives of Defendants signing this Agreement represent that they are authorized to execute this Agreement on behalf of the entity on behalf of which they sign. The individual signatories execute this Agreement on their own behalf. Lindo, by his signature, represents

that: (1) he has been given an opportunity to consult with counsel prior to signing this Agreement, (2) he has not relied on any representations of counsel for Defendants with respect to the subject matter of this Agreement, and (3) this Agreement includes a release relinquishing all existing and possible claims of unpaid or underpaid wages by Lindo against Defendants.

**AVR Realty Company, LLC**

By: ___________________________
Name:
Title:
Date:___________________________

**Rolando Lindo**

By: ___________________________

Date: June 18, 2020

**AVR-HH, LLC**

By: ___________________________
Name:
Title:
Date:___________________________

**Allan V. Rose**

By: ___________________________

Date:___________________________

that: (1) he has been given an opportunity to consult with counsel prior to signing this Agreement, (2) he has not relied on any representations of counsel for Defendants with respect to the subject matter of this Agreement, and (3) this Agreement includes a release relinquishing all existing and possible claims of unpaid or underpaid wages by Lindo against Defendants.

**AVR Realty Company, LLC**

By: [signature]
Name:
Title:
Date:

**Rolando Lindo**

By:

Date:

**AVR-HH, LLC**

By: [signature]
Name:
Title:
Date:

**Allan V. Rose**

By: [signature]

Date: