UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROLANDO LINDO (on behalf of himself and
others similarly situated),

       Plaintiff,       **ORDER**

   v.            19 Civ. 05511 (JCM)

AVR REALTY COMPANY, LLC (a New
York Limited Liability Company); AVR-HH,
LLC (a New York Limited Liability
Company); ALLAN V. ROSE (individually);
JOHN DOES 1-50 (principals, owners,
managers, employees, representatives and/or
agents, partners, officers, directors, and/or
holders of controlling interests in either AVR
Realty Company, LLC or AVR-HH, LLC);
and BUSINESS ENTITIES A-J (corporations
or other business entities that are principals,
owners or holders of controlling interests of in
either AVR Realty Company, LLC or AVR-
HH, LLC),

       Defendants.
-------------------------------------------------------X

   Plaintiff Rolando Lindo ("Plaintiff") commenced this action on behalf of himself and others similarly situated to recover unpaid wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL") §§ 190, *et seq.,* as well as damages for violations of the spread of hour laws pursuant to N.Y.C.R.R. § 142-2.14. (Docket No. 8).  Defendants deny these allegations. (Docket Nos. 19 and 23).  The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c). (Docket No. 32).  On June 5, 2020, Plaintiff submitted a Settlement Agreement and Release ("Agreement") for the Court's review, (Docket No. 38-1), accompanied by a letter and declarations in support of the Agreement, (Docket Nos. 38-2 at 1-5, 38-3, 38-4), as well as attorneys' time records and a retainer agreement, (Docket No. 38-2 at 7-26).  On June

12, 2020, the Court held a conference and ordered the parties to revise the non-disparagement clause in the Agreement and to submit a revised Agreement by June 26, 2020. (June 12, 2020 Minute Entry).  On June 30, 2020, Plaintiff submitted a revised Settlement Agreement ("Revised Agreement"). (Docket No. 42).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted).  "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Based on my review of the Revised Agreement, (Docket No. 42), the letter and declarations submitted in support, (Docket Nos. 38-2, 38-3, 38-4), as well as the documentation supporting the reasonableness of the attorneys' fees and costs, (Docket No. 38-2 at 7-26), I find the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Revised Agreement, including the approval of Plaintiff's counsel's fees, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable

- 3 -

compromise over contested issues, the court should approve the settlement.") (citations omitted).

Accordingly, the Court approves the settlement and dismisses this action with prejudice.

The Clerk is respectfully requested to close the case.

Dated: July 1, 2020
White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge
